IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| | * | |
| vs. | * | No. 4:10-CV-0327 SWW |
| | * | |
| | * | |
| | * | |
| | * | |
| STATE OF ARKANSAS; THE | * | |
| HONORABLE MIKE BEEBE, Governor | * | |
| of the State of Arkansas, in his official | * | |
| capacity only; JOHN M. SELIG, Director | * | |
| of the Arkansas Department of Human | * | |
| Services, in his official capacity only; | * | |
| JAMES C. GREEN, Director of the | * | |
| Arkansas Division of Developmental | * | |
| Disabilities Services, in his official capacity | * | |
| only; and GENE GASSOW, Director of the | * | |
| Arkansas Division of Medical Services, in | * | |
| his official capacity only, | * | |
| | * | |
| Defendants. | * | |

ORDER

On May 6, 2010, the United States of America filed this action against the State of Arkansas (the "State") alleging that the State discriminates against persons with disabilities in violation of the Americans with Disabilities Act (ADA). Previously, the United States filed a complaint against the State asserting this same claim (in Count II of the complaint) with respect to the Conway Human Development Center (CHDC). That case, *United States of America v. State of Arkansas, et al.*, No. 4:09cv0033 JLH (the "CHDC" action), was assigned to Chief Judge J. Leon Holmes. By Order entered November 16, 2009, [doc.#25], Judge Holmes established May 5, 2010, as the deadline for amending pleadings, including the complaint.

On May 5, 2010, the United States, rather than filing a motion to amend the complaint, filed a motion to dismiss Count II of the complaint in the CHDC action, stating that it intended to assert the CHDC ADA allegations in a larger Statewide ADA action.  The United States argued that because the Statewide ADA Complaint subsumes the ADA issues in the CHDC action, the most efficient course would be for the Court to dismiss the ADA issues from the CHDC action, without prejudice, and allow the parties to litigate any ADA claims related to CHDC in their more natural place, the Statewide ADA action.  In so proceeding, the United States acknowledged that there may be issues concerning duplicative discovery but that it "will make all efforts to avoid duplicative discovery in pursuing the Statewide ADA action."  Although the United States noted that the State objects to the motion to dismiss the CHDC ADA allegations from the CHDC action, the following day (May 6), without a ruling by Judge Holmes on its motion to dismiss, the United States filed its Statewide action and it was assigned to this Court.  The Clerk's Office designated (properly) the Statewide action as a related case to the CHDC action.[1]

Given that the CHDC ADA allegations are still before Judge Homes in Count II of the CHDC action (no ruling having yet been made on the motion to dismiss), and given that the United States acknowledges there may be issues of duplicative discovery that seemingly should be addressed by the same judge as such issues arise (should Judge Homes approve of the procedural avenue that is being sought by the United States), the Court directs that on or before May 24, 2010, the United States file a pleading addressing why the Statewide action should not be assigned to Judge Holmes as a related case to the CHDC action and/or as a matter of judicial

---

[1] The United States did not file a Notice of Related Case pursuant to Local Rule 40.1 and General Order No. 39.

economy.

        IT IS SO ORDERED this 13th day of May 2010.

                /s/Susan Webber Wright

                UNITED STATES DISTRICT JUDGE